UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-21031-CIV-GAYLES

TEIG LAWRENCE and
TEIG LAWRENCE, P.A.,

      Plaintiffs,
v.

INTERNAL REVENUE SERVICE, et al.,

      Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon the Government Defendants' Motion to Dismiss First Amended Complaint in Federal Court [ECF No. 9]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons set forth below, the Motion is **GRANTED**.

## BACKGROUND[1]

In their Amended Complaint, Teig Lawrence ("Mr. Lawrence") and his professional association, Teig Lawrence, P.A., (collectively "Plaintiffs"), contend that after Mr. Lawrence began speaking out against the Internal Revenue Service (the "IRS"), he was targeted by the IRS, Unknown Named Officials of the IRS, and John Does 1-5 (collectively "Defendants"). These "targeting events" included: (1) Federal Express losing Plaintiffs' confidential mail; (2) vandalism to Mr. Lawrence's vehicle; (3) illegitimate email accounts set up in Mr. Lawrence's name; (4) Mr. Lawrence's wife having a car accident; (5) "suspicious" phone calls to Mr.

---

[1] Because the Court is proceeding on a motion to dismiss, it accepts the allegations in the First Amended Complaint [ECF No. 6] as true. *Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

1

Lawrence; (6) an unidentified man and an "Asian female" following Mr. Lawrence in a Target parking garage; (7) Mr. Lawrence's car being boxed in while driving; (8) Mr. Lawrence's mother being accused of theft as part of a psychological experiment; (9) burglary to Mr. Lawrence's residence; (10) a man with a "high waist band" following Mr. Lawrence at a park and a restaurant; and (11) another event connected to an IRS contractor for which Plaintiffs cannot provide details [ECF No. 6].

The seventy-three page Amended Complaint contains seventeen counts ranging from claims under Florida tort law to claims for violations of federal criminal statutes. The IRS and Unknown Officials of the Internal Revenue Service (the "Government Defendants") have moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim.

## ANALYSIS

### I. Subject Matter Jurisdiction

"[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536 (1974) (quotation omitted). "'Even where a claim appears to arise under the Constitution or a federal statute, it may be dismissed for lack of subject-matter jurisdiction if it is (1) "immaterial and made solely for the purpose of obtaining jurisdiction," or (2) "wholly insubstantial and frivolous."' *Grady v. United States Gov't*, 702 F. App'x. 929, 930 (11th Cir. 2017) (quoting *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998).

The First Amended Complaint is rife with allegations of government surveillance, conspiracy theories, and covert psychological operations. The Court finds that these allegations are "flimsier than 'doubtful or questionable' [such that] they must be 'essentially fictitious.'"

*Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (quoting *Hagans*, 415 U.S. at 536-37).  As a result, this action is frivolous and must be dismissed for lack of subject matter jurisdiction.  *See Grady*, 702 Fed. App'x at 930 (holding that the plaintiff's claims of covert government surveillance were "unsubstantial and frivolous" and, therefore, properly dismissed under Rule 12(b)(1)).

## II. Failure to State A Claim

Even if the Court had subject matter jurisdiction, this action is subject to dismissal for failure to state a claim.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id*. (alteration added) (quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556).

### A. The First Amended Complaint is a Shotgun Pleading

A shotgun pleading "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain

irrelevant factual allegations and legal conclusions." *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Here, the First Amended Complaint impermissibly "incorporates every allegation by reference into each subsequent claim for relief." *Perret v. Wyndham Vacation Resorts, Inc.*, 846 F. Supp. 2d 1327, 1334 (S.D. Fla. 2012). As a result, "[the defendants] and the district court [must] sift through the facts presented and decide for themselves which [are] material to the particular cause of action asserted, a difficult and laborious task indeed." *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991); *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."). Therefore, the First Amended Complaint violates Federal Rule of Civil Procedure 8(a)(2) and must be dismissed.

### B. The First Amended Complaint Fails to Plausibly State a Claim

In addition, the First Amended Complaint fails to state a cognizable claim against the Defendants. Although it details several seemingly isolated incidents related to Mr. Lawrence and his family, the First Amended Complaint fails to link the events to the named Defendants. As a result, the court is unable "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Accordingly, the First Amended Complaint must be dismissed.

## CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** as follows:

1. The Government Defendants' Motion to Dismiss First Amended Complaint in Federal Court [ECF No. 9] is GRANTED. Plaintiffs' First Amended Complaint is DISMISSED.

2. This action is CLOSED for administrative purposes and any pending motions are DENIED as MOOT.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of January, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE